## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CROSBY DREDGING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1664** |
| **ERNEST J. PARFAIT** | **SECTION: H(1)** |

## ORDER AND REASONS

Before the Court is Defendant Ernest J. Parfait's Motion to Set Aside the Court's Entry of Default (Doc. 9). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiff Crosby Dredging, LLC initiated this action on September 8, 2021 with its Complaint for Declaratory Judgment against Defendant Ernest J. Parfait.[1] Plaintiff owns and operates dredging vessels and hired Defendant as a deckhand in November of 2020. Defendant was allegedly injured on the

---

[1] Doc. 1.

1

job in December of 2020 and again in February of 2021. Plaintiff seeks declaratory relief to the effect that it owes no maintenance and cure to Defendant as a result of these alleged injuries. Defendant was served on September 20, 2021, with an answer due on October 12, 2021. Defendant failed to appear by this date, and default was entered against him.[2] Now before the Court is Defendant's Motion to Set Aside the Court's Entry of Default.[3] This Motion is unopposed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits the trial court to set aside an entry of default for "good cause." To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[4] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[5] In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[6]

---

[2] Doc. 7.
[3] Doc. 9.
[4] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).
[5] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).
[6] *See Lacy*, 227 F.3d at 292.

## LAW AND ANALYSIS

This Court finds that the balance of factors weighs in favor of setting aside default in this matter. First, the Court does not believe that the default was willful. Defendant's counsel alleges that the failure to answer was an inadvertent mistake on his part, and Defendant did indeed act expeditiously to correct the default by filing the instant Motion within two days of entry of default.[7] Second, any potential prejudice that Plaintiff would suffer as a result of setting aside default is negligible. There are no trial or pre-trial dates set in this matter. Finally, while Defendant has not set forth any affirmative defenses, he has filed a Motion to Dismiss with colorable arguments. Accordingly, this Court holds that good cause exists to set aside the default entered against Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside the Court's Entry of Default (Doc. 9) is **GRANTED**. The Clerk of Court's Entry of Default (Doc. 7) is **SET ASIDE**.

---

[7] *See* Docs. 7, 9.

New Orleans, Louisiana this 16th day of December, 2021

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**